UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Farwa Nawaz,

                            Plaintiff,                        **MEMORANDUM & ORDER**
                                                                      22-CV-05343 (DG) (RML)

      -against-

United States Department of State; U.S. Embassy in
Islamabad, Pakistan; Antony Blinken, *United States
Secretary of State*; and Donald Blome, *Ambassador
of the United States at the U.S. Embassy in
Islamabad, Pakistan*,

                            Defendants.
------------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

        On September 8, 2022, Plaintiff Farwa Nawaz commenced this action against Defendants United States Department of State (the "Department of State"); U.S. Embassy in Islamabad, Pakistan; Antony Blinken, United States Secretary of State; and Donald Blome, Ambassador of the United States at the U.S. Embassy in Islamabad, Pakistan. *See generally* Complaint ("Compl."), ECF No. 1. The Complaint, which stems from the visa petition Plaintiff filed for her spouse, Muhammad Faisal Ali Khan, brings two claims for relief: (1) a claim titled "Agency Action Unlawfully Withheld and Unreasonably Delayed" (the "unreasonable delay claim") and (2) a claim titled "Violation of Right to Due Process of Law" (the "due process claim"). *See* Compl. ¶¶ 19-37. Although the Complaint is not entirely clear, the unreasonable delay claim appears to be brought pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361. *See generally* Compl. The due process claim appears to be premised on the Fifth Amendment to the United States Constitution. *See* Compl. ¶ 35. Plaintiff seeks a writ of mandamus compelling Defendants to, *inter alia*, issue an immigrant visa to Mr. Khan, and seeks various other forms of relief, including declaratory relief

as well as fees and costs.  *See* Compl. at 7-8.[1]

Pending before the Court is Defendants' Motion to Dismiss the Complaint, brought pursuant to Rule 12 of the Federal Rules of Civil Procedure (the "Motion to Dismiss").  *See* Notice of Motion, ECF No. 23; *see also* Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint ("Defs.' Br."), ECF No. 23-1; Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss the Complaint ("Reply"), ECF No. 25.[2]  Plaintiff opposes the Motion to Dismiss.  *See* Plaintiff's Opposition to Defendants' Motion to Dismiss ("Pl.'s Br."), ECF No. 24.

For the reasons set forth below, the Motion to Dismiss is granted and the Complaint is dismissed without prejudice.

## BACKGROUND

### I.     Factual Background[3]

Plaintiff alleges that she is a citizen of the United States.  *See* Compl. ¶ 1.  Plaintiff alleges that her spouse, Muhammad Faisal Ali Khan, is a citizen of Pakistan, currently residing in Pakistan.  *See* Compl. ¶ 2.  Plaintiff alleges that, on September 18, 2018, she filed a visa petition for Mr. Khan with United States Citizenship and Immigration Services ("USCIS").  *See* Compl. ¶ 13.  Plaintiff alleges that she paid, and Defendants accepted, all applicable filing and visa fees, *see* Compl. ¶ 14, and that USCIS purportedly approved Plaintiff's visa petition on

---

[1]   Because the paragraph numbering restarts in the section of the Complaint entitled "Request for Relief," this citation is to the page numbers generated by the Court's electronic case filing system ("ECF").

[2]   In their briefing, Defendants reference Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Defs.' Br. at 6-8.

[3]   Familiarity with the statutory and regulatory framework governing the issuance of immigrant visas that is discussed by Defendants in their briefing, *see* Defs.' Br. at 2-5, is assumed herein.

2

September 25, 2020, *see* Compl. ¶ 15.  Plaintiff alleges that the case should have then been sent to the National Visa Center ("NVC"), a part of the Department of State, for visa processing, and Plaintiff alleges that the NVC assigned a case number to the case.  *See* Compl. ¶ 16.  Plaintiff further alleges, upon information and belief, that "the NVC completed its processing of the case and sent it to the U.S. Embassy in Islamabad, Pakistan, for an interview" and alleges that, "[s]ince that time, the agency has refused to schedule an interview for [Mr. Khan] and to issue a decision on this case" despite Plaintiff's "repeated attempts to obtain a decision in this matter without involving [the] Court," including "contact[ing] the consulate multiple times."  *See* Compl. ¶¶ 16-18.[4]

Plaintiff alleges that Mr. Khan's "application has been in administrative processing beyond a reasonable time period for completing administrative processing of their visa application."  *See* Compl. ¶ 30.  Plaintiff further alleges that the "combined delay and failure to act on [Mr. Khan's] immigrant visa application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under [the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*,] and the applicable rules and regulations."  *See* Compl. ¶ 31.[5]  Plaintiff additionally alleges that there are "no alternative adequate or reasonable forms of

---

[4] Defendants assert, and Plaintiff does not appear to contest, that on January 27, 2022, the case became documentarily qualified such that Mr. Khan became eligible to be scheduled for a visa application interview.  *See* Defs.' Br. at 6 (citing Declaration of Chloe Peterman ¶ 5, ECF No. 23-2).

[5] Plaintiff alleges that Defendants are intentionally delaying pursuant to a Department of Homeland Security ("DHS") policy known as the "Controlled Application Review and Resolution Program" ("CARRP") and that the delay is "due to [Mr. Khan] being from a predominantly Muslim country."  *See* Compl. ¶¶ 24-25.  Plaintiff alleges that "CARRP prohibits USCIS field officers from approving an application with a potential 'national security concern,' instead directing officers to deny the application or delay adjudication – often indefinitely."  *See* Compl. ¶ 27.  Plaintiff further alleges that CARRP violates the INA.  *See* Compl. ¶¶ 27-28.

3

relief available to Plaintiff" and that Plaintiff "has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of their case."  *See* Compl. ¶¶ 32-33.  Further, with respect to the due process claim, Plaintiff alleges that the "combined delay and failure to act by Defendants has violated the due process rights of Plaintiff" and has "irrevocably harmed Plaintiff by causing a loss of consortium between Plaintiff and [Mr. Khan], among other ways."  *See* Compl. ¶¶ 36-37.

## II.     The Motion to Dismiss

On December 20, 2022, Defendants filed a letter motion seeking a pre-motion conference in anticipation of filing a motion to dismiss.  *See* ECF No. 11.  On January 12, 2023, Plaintiff filed a letter in response to Defendants' December 20, 2022 letter motion.  *See* ECF No. 13.  By Order dated May 17, 2023, the Court, having reviewed the parties' letters and having determined that a pre-motion conference was not necessary, denied Defendants' motion for a pre-motion conference and set a briefing schedule for Defendants' anticipated motion to dismiss.  *See* May 17, 2023 Order.

On August 11, 2023, Defendants filed the Motion to Dismiss.  In support of their motion, Defendants first argue that the Court lacks subject matter jurisdiction over Plaintiff's unreasonable delay claim because the doctrine of consular nonreviewability bars review.  *See* Defs.' Br. at 8-13.[6]  Defendants further argue that, even if the Court were to find that the doctrine of consular nonreviewability did not bar Plaintiff's unreasonable delay claim, dismissal of the Complaint is warranted because the Complaint (1) fails to state an APA claim for actionable

---

[6]   Defendants state in their briefing: "Notably, the Second Circuit has expressed some doubt as to whether consular non-reviewability rests on a lack of subject matter jurisdiction, as opposed to prudential separation of powers considerations, in either event, it is a threshold consideration."  *See* Defs.' Br. at 10 n.7 (citations omitted).

4

delay because the factors set forth in *Telecommunications Research and Action Center v. Federal Communications Commission* ("*TRAC*"), 750 F.2d 70, 80 (D.C. Cir. 1984), which are regularly considered by courts to determine whether a delay is reasonable under the APA, weigh in favor of Defendants, particularly in light of the relatively short period of alleged delay; (2) fails to establish the requirements for obtaining relief under the Mandamus Act, which relief is an extraordinary remedy; and (3) fails to state a procedural due process claim. *See* Defs.' Br. at 13-22. With respect to the due process claim, Defendants argue that, to the extent that Plaintiff contends that an exception to consular nonreviewability applies, she errs; to the extent that Plaintiff is not asserting an exception to the doctrine of consular nonreviewability, Plaintiff has identified no sovereign immunity waiver for asserting such a claim against the Department of State; and to the extent that the claim recycles the unreasonable delay claim under the APA as a putative due process violation, this is improper. *See* Defs.' Br. at 19-20. Additionally, Defendants argue that Plaintiff has not identified a protected liberty interest entitling her to protection under the Fifth Amendment; that Plaintiff simply objects to the pace of adjudication, which is inadequate to state a due process claim; and, that Plaintiff in any event fails to allege the process of which she was deprived, noting with respect to this last argument that "at best [Plaintiff] alleges that like many others her husband is simply awaiting the consular visa interview at which time she may execute a visa application, not that she has been denied that interview – which is a claim of undue delay, not a deprivation of process." *See* Defs.' Br. at 20-22.[7]

In opposing the Motion to Dismiss, Plaintiff argues that the doctrine of consular

---

[7] Defendants further argue that Plaintiff's CARRP-related allegations are unavailing. *See* Defs.' Br. at 22 n.11; Reply at 9-10.

5

nonreviewability does not bar the Court's review and that Defendants misrepresent "the spirit of the doctrine;" that Plaintiff has alleged facts sufficient to withstand a motion to dismiss with respect to each of Plaintiff's claims; and that, at the least, the motion should be denied because Plaintiff has not had the benefit of discovery, which would allow the Court "to make an informed decision as to the unreasonableness of Defendants' delay." *See generally* Pl.'s Br.[8]

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*; *see Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005); *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) ("The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." (quotation omitted)). In resolving a motion to dismiss for lack of subject matter jurisdiction, a district court may refer to evidence outside the pleadings. *See Makarova*, 201 F.3d at 113. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

When a court is faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the court "must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Pressley v. City of N.Y.*, No. 11-CV-03234, 2013 WL

---

[8] Plaintiff also requests an evidentiary hearing "to the extent the Court is inclined to inquire into the issues raised by Defendants." *See* Pl.'s Br. at 5.

145747, at *5 (E.D.N.Y. Jan. 14, 2013) (quotation omitted); *see also United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993).

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept all 'well-pleaded factual allegations' in the complaint as true" and "'construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff.'" *Lynch v. City of N.Y.*, 952 F.3d 67, 74-75 (2d Cir. 2020) (first quoting *Iqbal*, 556 U.S. at 679; then quoting *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009)). However, "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do," and dismissal is proper where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 555, 558. A court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *See Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quotation omitted); *see also Iqbal*, 556 U.S. at 678 (noting that a court is "not bound to accept as true a legal conclusion couched as a factual allegation" (quoting *Twombly*, 550 U.S. at 555)); *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (noting that "factual allegations must be sufficient to support necessary legal conclusions" and "plausibly suggest an entitlement to relief").

**DISCUSSION**

For the reasons set forth below, the Motion to Dismiss is granted and the Complaint is dismissed without prejudice.

I. **Plaintiff's Unreasonable Delay Claim is Dismissed**

Plaintiff's unreasonable delay claim, whether analyzed under the APA or under the Mandamus Act, must be dismissed as barred by the doctrine of consular nonreviewability.[9] Further, even if the doctrine of consular nonreviewability did not bar Plaintiff's unreasonable delay claim, such claim nevertheless would be dismissed for failure to state a claim.

As an initial matter, the United States Court of Appeals for the Second Circuit has stated that "[i]t is settled that the judiciary will not interfere with the visa-issuing process." *See Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978). The Second Circuit has also stated that "[the Second Circuit] has long held that 'a consular officer's decision to deny a visa is immune from judicial review.'" *See Chhabra v. Blinken*, No. 22-192, 2022 WL 17587850, at *1 (2d Cir. Dec. 13, 2022) (citing *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009)); *see also Alharbi v. Miller*, 368 F. Supp. 3d 527, 553 n.7 (E.D.N.Y. 2019) ("The doctrine of consular nonreviewability precludes judicial review of a consular official's decision to issue or withhold a visa." (quotation omitted) (alteration accepted)), *aff'd in part, dismissed in part*, 829 F. App'x 570 (2d Cir. 2020); *Abdo v. Tillerson*, No. 17-CV-07519, 2019 WL 464819, at *3 (S.D.N.Y. Feb. 5, 2019).

Further, courts in this Circuit have held that "the doctrine of consular nonreviewability applies not only when a plaintiff challenges an official's discretionary decision to approve or

---

[9] Whether viewed as a matter of subject matter jurisdiction or otherwise, the doctrine of consular nonreviewability bars the claim.

8

deny a visa application, but also where a plaintiff seeks to compel an official to simply adjudicate a visa application." *See Abdo*, 2019 WL 464819, at *3 (quotation omitted) (collecting cases). Courts in this Circuit have expressly noted that, notwithstanding caselaw in other circuits, a distinction between challenging a decision and compelling adjudication is not a distinction that has a basis in Second Circuit law. *See id.*; *see also Nurjahan v. U.S. Dep't of State*, No. 22-CV-02692, 2023 WL 2931581, at *2 (E.D.N.Y. Apr. 13, 2023); *Al Naham v. U.S. Dep't of State*, No. 14-CV-09974, 2015 WL 3457448, at *3 (S.D.N.Y. June 1, 2015).

Courts in this Circuit have applied the doctrine of consular nonreviewability to unreasonable delay claims under the APA and unreasonable delay claims under the Mandamus Act. *See, e.g.*, *Hettiarachchige v. Bitter*, No. 22-CV-03622, 2022 WL 17738771, at *2 (S.D.N.Y. Dec. 16, 2022); *Foad v. Holder*, No. 13-CV-06049, 2015 WL 1540522, at *3 (E.D.N.Y. Apr. 7, 2015).[10]

Consistent with the within-Circuit caselaw, Plaintiff's unreasonable delay claim is barred by the doctrine of consular nonreviewability. Plaintiff's argument to the contrary, which relies on out-of-Circuit caselaw, is unavailing.

Moreover, even if the Court were to conclude that Plaintiff's unreasonable delay claim was not barred by the doctrine of consular nonreviewability, the unreasonable delay claim nevertheless would be dismissed for failure to state a claim, substantially for the reasons set forth by Defendants in their briefing. *See* Defs.' Br. at 13-19 (discussing *TRAC* factors with respect to APA claim and discussing requirements for obtaining relief under the Mandamus Act); *see also* Reply at 6-8.

---

[10] Courts have also determined that the doctrine of consular nonreviewability precludes judicial review under the INA and under the Declaratory Judgment Act. *See Gogilashvili v. Holder*, No. 11-CV-01502, 2012 WL 2394820, at *3 (E.D.N.Y. June 25, 2012).

9

Plaintiff's unreasonable delay claim is dismissed without prejudice.

## II.  Plaintiff's Due Process Claim is Dismissed

Plaintiff's due process claim also appears to be barred by the doctrine of consular nonreviewability and, in any event, fails to state a claim. Accordingly, it too must be dismissed.

Although courts have recognized an exception to the doctrine of consular nonreviewability – relating to First Amendment claims brought by United States citizens, *see Xian Yong Zeng v. Pompeo*, 740 F. App'x 9, 11 (2d Cir. 2018) (noting that the Second Circuit has "concluded that there is a narrow exception where a plaintiff alleges that the denial of a visa to a visa applicant violated the plaintiff's First Amendment right to have the applicant present his views in this Country"); *see also Am. Acad. of Religion*, 573 F.3d at 125 (applying *Kleindienst v. Mandel*, 408 U.S. 753 (1972)); *Al Naham*, 2015 WL 3457448, at *3 (discussing exception and observing that "the doctrine is otherwise treated as nearly absolute") – Plaintiff's due process claim does not fall within the recognized exception. Indeed, the Second Circuit has stated that it "ha[s] not decided whether [the] narrow exception to the consular nonreviewability doctrine applies to constitutional challenges other than First Amendment challenges, such as due process challenges." *See Xian Yong Zeng*, 740 F. App'x at 11.

Moreover, even if the Court were to conclude that Plaintiff's due process claim was not barred by the doctrine of consular nonreviewability, the due process claim nevertheless would be dismissed for failure to state a claim. As Defendants persuasively argue, Plaintiff has failed to sufficiently allege, *inter alia*, a recognized protected liberty interest or that she has been deprived of process to which she is due. *See* Defs.' Br. at 19-22; *see also Nurjahan*, 2023 WL 2931581, at *3.[11] Plaintiff's due process claim, which is conclusorily pled and which appears largely to be a

---

[11] Notably, the Second Circuit has stated that it has "[n]ever decided whether a citizen has a due

10

repackaging of her unreasonable delay claim, is unavailing.

Plaintiff's due process claim is dismissed without prejudice.[12]

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss, ECF No. 23, is GRANTED and the Complaint, ECF No. 1, is dismissed without prejudice.[13]  The Clerk of Court is directed to enter judgment accordingly and to close the case.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: January 9, 2024
       Brooklyn, New York

---

process right to live in this country with their spouse." *See Xian Yong Zeng*, 740 F. App'x at 11.

[12] Plaintiff's CARRP-related allegations do not save either her unreasonable delay claim or her due process claim, substantially for the reasons set forth by Defendants.  *See* Defs.' Br. at 22 n.11; Reply at 9-10.

[13] In light of the above, Plaintiff's request for an evidentiary hearing is denied, *see Nurjahan*, 2023 WL 2931581, at *2 n.4, as is Plaintiff's request for discovery.